**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOUGLAS J. ELROD,

    Petitioner,                                            Case No. 03-CV-75081-DT

v.

                                                       HONORABLE DENISE PAGE HOOD

DAVID JAMROG,

    Respondent.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

    This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated March 29, 2005. Objections and a document entitled "Judicial Notice of Adjudicative Facts in Support of Objections Instanter" have been filed by Petitioner.

    The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. As to Petitioner's claim that he received ineffective assistance of counsel, the Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on this claim. Petitioner's contention is that his counsel failed to properly investigate the matter and erroneously advised him to plead guilty. Petitioner claims counsel did this in exchange for a state court judgeship and that the judgeship was in conflict with counsel's representation of Petitioner. Petitioner's contention is not supported by the record. The record merely reflects that at the time of the plea hearing, counsel was being considered for appointment to a vacant judicial seat. Counsel was merely advising the trial court that should counsel be appointed to the judgeship, counsel had arranged for substitute counsel.

    Regarding Petitioner's claim that his plea was not knowing and voluntary, the Court agrees with the Magistrate Judge that the record shows Petitioner understood the nature of the plea

agreement, the maximum sentence which could be imposed, and the charge against him. The record also shows that the elicitation of the factual basis for the plea was not coerced.

Petitioner also claims the trial court failed to hold an evidentiary hearing regarding Petitioner's post-conviction matters. The Court agrees with the Magistrate Judge that an infirmity in a state post-conviction proceeding does not raise a constitutional issue.

Petitioner further claims that the state's adjudication of his grievance against defense counsel was unreasonable under § 2254. Petitioner had filed a grievance against his counsel for failure to return a retainer fee. The Court agrees with the Magistrate Judge that Petitioner's grievance against his counsel does not challenge the constitutionality of Petitioner's conviction and sentence. Such a claim is not a proper basis for habeas relief.

The Court also agrees with the Magistrate Judge that Petitioner's claim of sentencing errors do not raise cognizable habeas claims. Petitioner cannot show that the trial judge relied on any materially false information in imposing sentence. Even if the trial judge failed to state the reasons for imposing a particular sentence, such a claim is not a basis for habeas relief. As to Petitioner's claim that his right under the Confrontation Clause was violated under *Crawford v. Washington,* 541 U.S. 36 (2004), the Court agrees with the Magistrate Judge that *Crawford* is not applicable to Petitioner's case. Even if it was applicable, the Court agrees with the Magistrate Judge that *Crawford* does not constitute "clearly established law" upon which habeas relief for petitioner may be predicated because Petitioner's sentencing and post-conviction proceedings were concluded before the Supreme Court decided *Crawford.* After entering a plea of guilty, Petitioner was sentenced on March 23, 2000 to a term of 4-10 years' imprisonment for a probation violation. Petitioner thereafter went through the appellate process, filing the instant writ of habeas corpus on

December 18, 2003. The *Crawford* decision was issued in 2004 which indicates that the state courts did not have the opportunity to apply the *Crawford* decision to the issues raised before the state courts. The holding in *Crawford* was not clearly established law at the time the state courts issued their decisions.

Petitioner finally challenges the denial of his parole. The Court agrees with the Magistrate Judge that Plaintiff's right under the Due Process Clause was not violated because he has no liberty or property interest in being released on parole. Petitioner has not shown that the Parole Board retaliated against Petitioner in denying parole.

Accordingly, for the reasons set forth above and in the Report and Recommendation,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Komives dated March 29, 2005 (Docket No. 26) is ACCEPTED and ADOPTED as this Court's findings of facts and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time to File Response/Reply/Objections to the Report and Recommendation **(Docket No. 27, filed April 4, 2005)** is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File Excess Pages **(Docket No. 28, filed April 25, 2005)** is GRANTED.

IT IS FURTHER ORDERED that the Writ of Habeas Corpus is DENIED and DISMISSED with prejudice.

        s/ DENISE PAGE HOOD  
        DENISE PAGE HOOD  
        United States District Judge

DATED: May 27, 2005